## Michael Bergen and Elsie Garritson v. Nicholas Boerum.

EVERTSON moved to set aside the execution issued in this cause, and to have satisfaction entered on the judgment upon an affidavit stating that the amount of the debt in the *condition* of the bond, on which the judgment had been confessed, had, together with interest and costs, been paid to the sheriff, who nevertheless threatened to go on and sell, in pursuance of the directions he had received, as the *fi. fa.* issued, was on a judgment for the *penalty*, and the writ indorsed to levy more than the sum paid.

He insisted that the sum in the condition is the actual debt. By the words of our statute* it is made so. It allows the bringing into court the principal, interest and costs, in bar of the suit; and though the terms of the law are, that it be "pending the action," which may be now deemed to be at an end, yet in *Rich. K. B.* 211. and 1 *Sell.* 359, 60. it will be seen, that courts of common law will extend the equity of a statute in cases like this, and *that* by virtue of their general controuling power over their own judgments.

*\* 1 Rev. Laws,* 349. *sec.* 6.

*Emott*, contra, read counter-affidavits, setting forth that the bond and warrant, on which the execution was issued, were given to secure a debt, larger than the condition, for the surplus of which a promissory note was made by the defendant, payable at 30 days, under an agreement that if it was not duly honoured, the amount might be levied by execution, on the

warrant of attorney; that the plaintiffs had also other demands against the defendant, for *bona fide* debts, on notes of hands, to the amount of which the sheriff had been directed to levy, but that the whole did not exceed the penalty of the bond, the condition of which, together with interest and costs, had not been fully satisfied, as on calculation, two dollars appear to be still due.

*Evertson* in reply was stopped by the court.

*Per Curiam.* We have no doubt of our equitable jurisdiction. It would be attended with the most mischievous consequences, to allow collecting more than is due on the condition. It would be trying the equity of the case in this way. It is against the very form of the contract, and liable to great abuse. It would be a deception on the world, for the condition which is to discharge the judgment is on record. If, therefore, it was to reach to other demands, it would be impossible to know what would satisfy the debt. As to the two dollars, *de minimis non curat lex.* Take the effect of your motion, with the costs of this application and those of that to the judge, for the order to stay proceedings.

\*\*\* An objection was taken to the notice of motion, for being simply, " *Nicholas Evertson*," without the addition of " attorney for the defendant," but the court paid no attention to it.

. N. B. It was ruled in this cause, that an affidavit containing new matter, could not be read in support of a motion, though the facts in it were not known

till the day of bringing it on. The party should have served copies, and moved the next day.