ALBANY,
January, 1818.

COLES
v.
COLES.

MARY COLES, *administratrix of* STEPHEN COLES, *against*
WILLET COLES.

THIS was an action of *assumpsit* for money had and received. The cause was tried before Mr. J. *Yates,* at the *New-York* sittings, in *November,* 1816.

It was proved, on the part of the plaintiff, that in *January,* 1813, *Stephen Coles,* deceased, and *Willet Coles,* the defendant, sold, and conveyed to one *Meinell,* two lots of ground in *Ferry-street,* in *New-York,* for 9,000 dollars, of which sum the purchaser payed 7,000 dollars into the hands of the defendant, and with the remaining 2,000 dollars paid off a mortgage on the premises which had been given for the individual benefit of the defendant. The plaintiff, also, gave in evidence the following letter from the defendant to the intestate, dated, *New-York, December,* 29th, 1812.

" Dear Father. Brother *Stephen* has returned and informs me that he left the deed that you gave him for the house and still-house, with you : to make the conveyance lawful, it is absolutely necessary that the deed should be recorded here. I have no other object in wishing the property conveyed to *Stephen,* than to secure you a comfortable maintenance. The failure of *H. F.* may put it out of my power to do so in any other way ; please, therefore, to send the deed by the first opportunity. I have had an application to buy the still-house, for 9,000 dollars ; if you think it best, I will do so, and put the money in bank stock ; you may rely on my wish to see you provided for, let whatever may happen to your affectionate, but unfortunate, son, &c.
P. S. I shall convey my part to *Stephen* for your use also. Don't forget to send the deed."

A partnership had existed between the intestate and defendant, in relation to the business of the still-house ; and business had been carried on under the partnership name to about the time of the sale, although it appeared that the de-

When real estate is held by partners, for the purposes of the partnership, they do not hold it as partners, but as tenants in common, and the rules relative to partnership property do not apply in regard to it; therefore, one partner can only sell his individual interest in the land, and when both partners join in a sale and conveyance, and one only receives the purchase money, the other partner may maintain an action against him for his proportion.

Where tenants in common sell and convey land, and one only receives the purchase money, the other may maintain an action of *assumpsit* against him, for money had and received, to recover his proportion of the price.

fendant had, long before, been requested by the intestate to give notice of dissolution, but which he had, in 'fact, never done.

The counsel for the defendant moved for a nonsuit on the ground that this was a partnership transaction, and requir-'ed the investigation of partnership accounts. The motion was overruled by the judge, and further evidence was produced on the part of the defendant, to show the existence of a partnership down to the time of sale. The judge charged the jury, that in his opinion, the letter from the defendant to the intestate was sufficient ground for the jury to find a verdict for the plaintiff for the half of the 9,000 dollars, with interest; and a verdict was found accordingly.

The defendant moved to set aside the verdict, and for a new trial.

*T. A. Emmet,* for the plaintiff.

*R. Bogardus,* contra.

*Per Curiam.* The motion for a new trial must be denied. The testimony on the part of the plaintiff shows, very satisfactorily, that the intestate was only entitled to a moiety of the land sold, and he can, of course, claim only one half of the consideration money. The letter of the 29th of *December,* 1812, might admit of a construction that the intestate was the sole owner of the land. But the other proof, and the conveyance which was given by both *Stephen* and *Willet Coles* show, beyond any reasonable doubt, that they were joint owners or tenants in common.

It is to be inferred from the case that the mortgage for 2,000 dollars, was upon this land; though that is not very clearly stated. The defendant, at all events, admitted that this mortgage was his own private debt, and no part of it ought, of course, to be paid out of that portion of the consideration money due to the intestate, *Stephen Coles.* The defendant is, therefore, bound to account to the plaintiff for the one half of the 9,000 dollars, (the full amount of the consideration,) together with the interest from the time it was received.

No objection can be made to the recovery, on the ground
of any existing partnership between *Stephen* and *Willet Coles.* They were tenants in common, not partners, in this land. The principles and rules of law applicable to partnerships, and which govern and regulate the disposition of the partnership property, do not apply to real estate. One partner can convey no more than his own.interest in houses, or other real estate, even where they are held for the purposes of the partnership. (*Wats. Partners.* 67.) There may be special covenants and agreements entered into between partners, relative to the use and enjoyment of real estate owned by them jointly, and the land would be considered as held subject to such covenants ; but nothing of that kind appears in the present case ; and, in the absence of all such special covenants, the real estate owned by the partners must be considered and treated as such, without any reference to the partnership. These are principles fully established by the cases of *Thornton* v. *Dixon,* (3 *Brown's Ch. Rep.* 199.) and *Balmain* v. *Shore.* (9 *Ves.* jun. 500.) *Willet* and *Stephen Coles* must, therefore, be considered as tenants in common of the lands sold and conveyed by them ; and there can be no doubt, that where two tenants in common sell and convey their land, and all the money is received by one, the other can maintain an action for money had and received, for his moiety, against the other.

Motion for new trial denied.