LIVINGSTON & TRACY *against* M'INLAY.

AUSTIN & ANDREWS *against* The Same.

AN execution had been issued in the cause first above mentioned, on which the sheriff was directed to levy 1,653 dollars, and 91 cents; and in the second cause, for 289 dollars and 53 cents. The sheriff levied on the first-mentioned execution, 1,322 dollars, and 49 cents, and had paid over to the plaintiffs, *L. & T.* 966 dollars, and 17 cents, and held the residue, to be paid to either of the above parties, plaintiffs, as should be adjudged to be entitled to receive the money. The affidavit of *Tracy* stated, that the judgment was entered up, on a bond for 4,000 dollars, conditioned to pay 2,000 dollars, and that the defendant was

A judgment, by agreement of the parties, may be entered up for a debt then due, and also as security for future advances to the defendant; and the plaintiff may collect by execution, not only the sum actually due at the time the judgment was rendered, but the amount subsequently advanced to the defendant, provided the whole does not exceed the condition of the bond on which the judgment is given.

NEW-YORK, actually indebted to *L. & T.*, at the time the judgment
May, 1819. was entered up, in the sum of 1,118 dollars, for money lent,
LIVINGSTON. and that it was agreed between the plaintiff and defendant,
v.
M'INLAY. that further advances should be made to the defendant; and
the plaintiffs, accordingly, gave the defendant a memorandum in writing, that no execution should issue for more than
was actually due; and *L. & T.* afterwards lent the defendant the further sum of 350 dollars. And that, afterwards,
the Court, on an application for that purpose, ordered 305
dollars to be deducted from the amount of the bond.

*P. W. Radcliff*, for the plaintiffs in the second cause, now
moved, that the sum of three hundred and fifty dollars be
deducted from the amount to be levied on the execution in
the first cause. He contended, that a judgment of the
Court could never be used by the plaintiff to collect any debt
or demand arising subsequently, and which was not included
in the judgment at the time it was rendered. (*Bergen v.
Bergen*, 2 *Caines' Rep.* 256. *Nichols* v. *Hewit*, 4 *Johns.
Rep.* 423.) In *Watson* v. *Fuller*, (6 *Johns. Rep.* 283.) where
the plaintiff wished to levy the *interest* which had accrued
since the judgment, the Court set aside the execution.
*Kent*, Ch. J. said, " the strong objection to the practice is,
that it is allowing a party to carve for himself, and to collect, under the coercion of process, more than was authorized or intended by the judgment of the Court. It is liable
to infinite abuse." " Though a demand be ever so just, a
party ought not to be permitted to coerce payment, without
the sanction of judicial authority." " The party must not
mask and collect, under an execution, any more than was
awarded by the judgment."

*M. S. Wilkins*, contra, said, that in the cases cited, the
sums attempted to be levied were beyond the condition of
the bond; and the Court decided, only, that no more than
the amount of the judgment and costs could be levied on
the execution. Here the sum attempted to be levied is
much less than the condition of the bond on which the
judgment was entered. Besides, the parties had agreed,
that the judgment should cover further advances.

*Radcliff*, in reply, said, that it was immaterial what was the condition of the bond. or what was the agreement of the parties. The true amount, or debt due, at the time of the judgment, was 1,118 dollars only, and no more could be collected under the judgment. The observations of *Kent*, Ch. J., in *Watson* v. *Fuller*, were applicable to this case, and conclusive against the practice.

NEW-YORK,<br>May, 1819.<br>JACKSON<br>v.<br>GIVEN.

*Per Curiam.* It was part of the original agreement at the time the judgment was entered, that it should be a security for future advances, beyond the amount, then actually due to the plaintiffs We see no solid objection to this, any more than to a mortgage being held as security for future advances; so far, at least, as the amount of the condition of the bond. If the amount of the advances, or responsibilities, exceeded the condition of the bond, it would present a different question. Under the circumstances of this case, we think the motion ought not to be granted.

Motion denied.