DIVINE, &c.
*vs*
MITCHUM.

---

CHANCERY.

## Divine, &c. *vs* Mitchum.

*Case* 95.

ERROR TO THE WOODFORD CIRCUIT.

*Partners and partnership property. Lien. Mortgages.*

May 1.

JUDGE BRECK delivered the opinion of the Court.

The nature of the controversy.

WILLIAM OLDHAM and John Mitchum, in 1833, made a joint purchase of a lot, in the town of Versailles, with a steam mill and cotton factory thereon, and engaged as partners, under the firm and style of Oldham & Mitchum, in the manufacture of flour and meal and cotton yarns. Mitchum, for large advancements alledged to have been made, for and on account of the partnership, and in the purchase of the property, claims a prior lien upon it, over the mortgagees and attaching creditors of Oldham, for his individual liabilities. The validity of the claim thus set up by Mitchum constitutes the important question for determination.

The facts agreed.

The facts, as to the advancements by Mitchum, for the firm, in the prosecution of the partnership business, and in the purchase of the property in contest, and also as to the validity of the claims, as against Oldham individually, asserted by his mortgagees and attaching creditors,

having been agreed by the parties, the next inquiry is whether the property belonged to the firm, as partnership property?

The proof is that it was a joint purchase of the property, each paying an equal proportion of the purchase money, except as to about $600 of Oldham's half, for which he and Mitchum gave their notes, the latter as security, and which were subsequently paid, in part, by the firm, and the residue by Mitchum.

*The facts proved.*

The conveyance was made to them jointly. Mitchum alledges that the *property was joint stock property, and belonged to the firm of Oldham & Mitchum.* This allegation is not denied by the adverse claimant. The fact is agreed, on the part of the mortgagees, that at the date of the mortgage *they knew the property was used as joint property of the firm of Oldham & Mitchum.*

In view of all the facts and circumstances, without further inquiry, we think it may be assumed that the property was purchased with a view to constitute it joint stock of the firm, and that it was so considered, treated, and held.

*Real property, purchased by a firm with a view to constitute it joint stock, and which is used & treated as partnership property, is a partnership fund for the payment of partnership debts.*

Regarding it as such, has Mitchum a prior lien upon it to be re-imbursed for his advancements before the mortgagees and individual creditors of Oldham can come in? The question, we apprehend, has not been decided by this Court, and so far as it depends upon a concurrence of authority elsewhere may be regarded as unsettled.

That one partner has an equitable right to have his own claims upon the firm, for advancements and also all the firm debts discharged out of the personal estate of the firm, before the assignee or separate creditor of the other partner can come in has long been recognized as the settled law. But whether this equitable rule should be appled to the real estate of partners, is a question upon which there have been conflicting opinions and decisions, both in England and this country. Of eminent english chancellors Lord Thurlow has been on one side and Lord Eldon upon the other of this vexed question. The former is reported at first to have said, in the case of *Thornton* vs *Dixon,* (*3 Br. Ch. Rep.* 198,) "he had always understood that when partners bought lands for the purpose

of a partnership concern, it was to be considered as part of the partnership fund," and that consequently the real estate in that case must be considered as personal estate, and distributable as such. Upon re-argument, however, his Lordship changed his opinion. The contest in that case was in reference to land upon which mills had been erected for partnership purposes, the partners being paper makers. The property was used in the business of the concern, and was, therefore, like the one under consideration, a very strong case in favor of the principle of regarding the property as personal estate. The question in the case referred to arose between the surviving partners and the representatives of a deceased partner. *Balmaire* vs *Shon*, (9 *Vesy, Jr.* 500,) and other english cases might be cited based upon the opinion of Lord Thurlow in *Thornton* vs *Dixon*.

Lord Eldon is reported to have entertained a different opinion and to have said, in the case of *Selking* vs *Davis*, (2 *Dow, P. C.* 242,) "that all property involved in a partnership concern ought to be considered as personal," and afterwards, in the case of *Towns, &c.* vs *Devines, &c.* reported in appendix to Montague on Partnership, so decided—*vide* note to the case of Thornton and Dixon and the authorities there referred to. This subject is also very fully examined by Gow on Partnership, 47—52, and the opinions and decisions of english and american jurists referred to. Also by Chancellor Kent, (3 *Kent's Commentaries*, 37—45.)

In America, the decisions upon the question have also been conflicting.

In New York, in *Coles* vs *Coles*, (15 *John.* 159,) and the same principle has been recognized in other cases, it was decided that the rules and principles which govern and regulate the disposition of partnership property, did not apply to real estate, and in the absence of special agreements between the parties, real estate owned by partners was to be considered and treated as such, without any reference to the partnership. A more qualified view of the subject has been taken by the judiciary of Virginia and Pennsylvania, in *Ford* vs *Heron*, (*Hen. and Mun.* 316;) *Serg't. and Rawl.* 438. In South Carolina

and Connecticut real estate owned by partners is considered and treated as personal estate: *Winslow* vs *Chiffiller*, (*Harper's Equity Reports*, 25;) 4 *McChord*, 519; 7 *Connecticut Reports*, 11.

The only plausible reason which we have anywhere seen advanced, for the distinction taken between the real and personal estate of partners is, that as to real estate, the attention of the purchaser is directed to the record, which is presumed to furnish correct information as to title. But not so as to personal estate, the title and right to which are presumed to be with the possession.

We will not undertake to decide that cases may not occur in which the reason assigned in favor of a *bona fide* purchaser, without notice, would not be entitled to weighty and controlling consideration. But we are of opinion this case is not of that character—the property in contest was used in the business of the firm—the partnership was constituted for the very purpose and object of using it. That it was in the possession and used as the joint property of the firm, was known to the mortgagees before they obtained their mortgage from Oldham.

And one partner making advances for the firm, has a prior lien to be reimbursed to the mortgagees or individual creditors of other members of the firm.

In view of the whole case, we are of opinion that the property in contest should be treated as personal estate and be first subjected to the payment of the claim of Mitchum, and such being the decree of the Court below, it is therefore affirmed.

*Morehead & Reed* for plaintiffs.