CHARLES BUFFUM, *in Equity, versus* ADELINE BUFFUM, *Administratrix, & al.*

A partnership with all its incidents may be created without articles in writing.

Real estate purchased by partners, with partnership funds, for partnership purposes, though conveyed to them by such a deed, as, in case of other parties, would make them tenants in common, is considered, in equity, as part of the partnership stock, to be applied, if necessary, to the payment of partnership debts, including the balance due any partner on final settlement.

BILL IN EQUITY, by the complainant, as surviving partner, against the administratrix of the deceased partner, and his only heir. The case was heard on demurrer to the bill, answers and proofs. The facts proved and the questions of law argued are fully stated in the opinion.

*W. C. Crosby*, for the plaintiff.

*H. P. Haynes*, for the defendants.

The opinion of the Court was drawn up by

TENNEY, C. J.—It is not denied that the complainant and Albert C. Buffum were in partnership for a long time preceding the death of the latter, and that, in the various

business and enterprises of the firm, they had acquired an interest in real estate to a considerable amount, which was used, to some extent at least, in connection with these enterprises. They contracted debts for various purposes of the partnership. The real estate so purchased remained undisposed of, and many of the debts of the firm were outstanding and unpaid at the time of the death of Albert C. Buffum.

It is alleged that the copartnership was really entered into as early as the month of May, 1844, under the name of A. C. Buffum, and so continued till the spring of 1845, when the name of A. C. & C. Buffum was taken as that of the firm, without any change of the relations before existing between the partners. The complainant seeks relief by a decree, that the real estate be treated as personalty, and he be allowed to dispose of the same, as surviving partner, for the purpose of paying, as far as it will extend, the debts of the firm.

The defendants file demurrers to the bill, and answers, denying that the partnership was formed so early as is alleged in the bill, and they claim that the real estate conveyed to the two partners was held by them as tenants in common, and that, on the death of Albert, an undivided moiety thereof descended to his heir, subject to the right of dower therein of his widow.

The deeds are in the form usual when conveyance is made to two or more individuals as tenants in common; excepting one from Timothy Mayo, dated Aug. 26, 1844, which is made to Albert C. Buffum, his heirs and assigns. But, on Sept. 30, 1850, the grantee therein gave a deed to the complainant of one undivided half of all the real estate conveyed to him by Mayo.

It does not appear that articles of co-partnership were made in writing between A. C. & C. Buffum, and it was not necessary that it should be so, to constitute it a partnership in all its incidents. Story on Part., § 86.

So far as partners and their creditors are concerned, real estate belonging to the partnership, is, in equity, treated as

mere personalty, and governed by the general doctrines belonging to the latter. And so it will be deemed, in equity, to all other intents and purposes, if the partners have by themselves, by their agreement or otherwise, purposely impressed upon it the character of personalty. But a question has been made, whether, in the absence of any such agreement or other act affecting its general character, real estate held as a part of the partnership funds or stock, ought to devolve upon or descend as real estate, to the heir or devisee, or ought to belong, as personalty, to the executor or administrator, upon the death of the partner. Upon this point there has been a diversity of judicial opinion, as well as of judicial decision; some Judges holding that, in such a case, it retained its original character of real estate, and passed to the heirs or devisees accordingly; and others holding that it was to be treated throughout as partnership property, and therefore as personalty. Story on Part., § 93.

Lord THURLOW, in *Thornton* v. *Dixon*, 3 Bro. C. R., 199, at the hearing, was inclined to hold the latter doctrine; but the case was permitted to stand over, for the partners to agree among themselves, and gave liberty to argue the nature of the property, if the proposition on that point could not be maintained. Upon the cause coming on again, the Lord Chancellor thought that, had the agreement been that the property should be valued and sold, it would have converted it into personalty of the partnership, but that the agreement in this case was not sufficient to vary the nature of the property. Therefore, after the dissolution, the property would result according to its respective nature, the real, as real, the personal, as personal estate. This doctrine was affirmed by Sir WILLIAM GRANT, Master of the Rolls, in *Bell* v. *Phyn*, 7 Vesey, 453, and in *Balmain* v. *Shore*, 9 Vesey, 501. *Coles* v. *Shaw*, 15 Johns., 159, is in accordance with the same doctrine. And the case of *Goodwin* v. *Richardson*, 11 Mass., 469, has been considered as nearly to the same effect. Vice Chancellor Sir L. SHADWELL affirmed the same principle in *Cookson* v. *Cookson*, 8 Sim., 529.

On the other hand, Lord Eldon holds the opinion, that all property in a partnership concern should be treated as personal. *Selkrigg* v. *Davies*, 2 Daw. Parl. Rep., 231, 242; *Townsend* v. *Devaques*, reported in Montague on Partnership, 97; 3 Bro. C. R., 199, Belt's note (1). Lord Eldon is followed in opinion by Sir John Leach, in *Fereday* v. *Wightman*, 1 Rus. & Mylne, 45; *Phillips* v. *Phillips*, 1 Mylne & Keen, 649; *Broom* v. *Broom*, 3 Mylne & Keen, 443, and Baron Alderson, in *Morris* v. *Kearnley*, 2 Younge & Call, 139.

Chancellor Kent expresses the unqualified opinion that the weight of authority is, that equity will treat the person in whom the real estate is vested, as trustee for the whole concern, and the property will be distributed as real estate. 3 Kent's Com., Lecture 43. The later cases in Massachusetts are strongly in favor of the same doctrine. Indeed, the decisions are in harmony with each other in that Commonwealth, with perhaps the exception of *Goodwin* v. *Richardson*, already referred to. In that case, there was a mortgage to two parties, for partnership debt, and a foreclosure, and then one of the partners died, and the question was, whether the real estate after the foreclosure remained partnership property. It was decided that it did not. Judge Story, referring to this case, in *Hoxie* v. *Carr & al.*, 1 Sumner, 173, remarks, "this was a mere question of law, upon a mere legal title. But, in a Court of Equity, it is impossible, ( I think,) that the property should not have been deemed partnership property, and distributable accordingly, among creditors." And he adds, "the cases already cited are full to the point, and they have the unhesitating approbation of Mr. Chancellor Kent."

In *Dyer* v. *Clark, adm'r, & als.*, 5 Met., 562, the doctrine is, when real estate is purchased by partners with the partnership funds, for partnership use and convenience, notwithstanding the conveyance to them is such as to constitute them tenants in common, it will be considered and treated in equity as vesting in them, in their partnership ca-

pacity, clothed with an implied trust, that they shall hold it, until the purposes for which it was so purchased shall be accomplished, and that it shall be applied, if necessary, to the payment of the partnership debts, unless there is an express agreement, or circumstances exhibiting an intent, that such an estate shall be held for their separate use ; and, upon the dissolution of the partnership, by the death of one of the partners, the survivor has an equitable lien on such real estate, for his indemnity against the debts of the firm, and for receiving the balance which may be due to him from the deceased partner, on·the settlement of the partnership accounts between them ; and the widow and heirs of such deceased partner have no beneficial interest in such real estate, nor in the rent received therefrom, after his death, until the surviving partner is so indemnified.

SHAW, C. J., in the opinion of the Court last cited, remarks, "it has been supposed that the case of *Goodwin* v. *Richardson*, [before noticed] stands opposed to the decision now made ; I do not think it does,"——"it was in terms a question as to the vesting of the real estate ; and the Court were bound to decide the case for the defendant, if they found, upon the facts, that the estate in question had vested in the partners on foreclosure, as tenants in common."

The case of *Burnside* v. *Merrick*, 4 Met., 537, was before the Court, at the same time with that of *Dyer* v. *Clark*, and the results to which they came are similar, on the question which is presented before this Court. The Chief Justice, in the opinion, says :——"though there has been much diversity of judicial opinion, upon the subject, we think the prevailing opinion now is, that real estate acquired, is to be considered, at law, as the several property of the partners, as tenants in common ; yet, that it is so held, subject to a trust, arising by implication of law, by which it is liable to be sold, and the proceeds brought into the partnership fund, as far as it is necessary to pay the debts of the firm, and to pay any balance which may be due to the other partners on a final settlement, and cannot be held by the separate own-

er, except to the extent of his interest in such final balance." "And it follows, as a necessary consequence, that neither the widow, nor the heir at law can claim any beneficial interest in such estate, till the claims of creditors are first fully satisfied." See also *Peck* v. *Fisher*, 7 Cush., 386.

With the reasonableness of these views we fully concur. A different conclusion would be a sacrifice of substance to form, and a disregard of the settled principles of enlightened equity jurisprudence, and a substitution therefor of the rigid principles of the common law, in cases where chancery was designed to afford relief.

The application of the foregoing remarks and authorities will make the case before us of easy solution.

The evidence of Samuel Buffum, the father of A. C. and C. Buffum, is full, and that with other proof, sufficient, in a case in equity like the present, that these men formed a copartnership in the month of May, 1844, by the father's advice, and in the name of A. C. Buffum, they did business as partners, till they assumed the name of A. C. & C. Buffum, which last was retained till the dissolution by the death of one of the partners.

Much of the real estate conveyed by Timothy Mayo to Albert C. Buffum, on Aug. 26th, 1844, was appropriated directly to the use and convenience of the firm, and in furtherance of the business in which it was engaged. As appears from the books and other proofs, payments were made for this real estate from partnership means, with no expectation on the part of the complainant, that he was to be reimbursed for the funds so employed, which belonged to him. No charge for use and occupation is found in favor of Albert, against the other partner, for this real estate, which stood in the name of the former for more than six years, but continued all this time to be in intimate connection with the enterprises of the firm. This view is confirmed by the conveyance by Albert of an undivided half of this property to the complainant, without any indication of payment beyond the expression of a consideration in the deed. If it were a sale

independent of the partnership, it would be reasonable to expect a severance of the estate. When the whole evidence is examined, it is apparent that the brothers considered it proper that this conveyance should be made, as indicating more clearly and directly, that it was to be held like their other real estate.

The other real estate purchased by the partners was conveyed to both, and stood in their names at the time of the dissolution of partnership. Upon this property, as well as that originally purchased of Mayo, but afterwards held by them, as appears by the deed of Mayo, and that of Albert to the complainant, the partners themselves "purposely impressed the character of personalty."

We think there is no propriety in the appointment of a third person to take the real estate belonging to the late partnership, unless by consent of parties. The survivor is interested to make the most out of it, and it is his privilege to attend to the business personally. There is no suggestion that he is wanting in capacity or fidelity to attend to the discharge of his trust, thus imposed upon him by well settled principles.

In view of the whole evidence of the case, the Court is of the opinion, that the real estate should be disposed of by the complainant, as surviving partner, and the proceeds brought into the partnership funds, so far as is necessary to discharge the debts of the firm, and to discharge any balance due to the complainant, on a final settlement. The residue will remain in his hands, to be distributed according to law.

RICE, APPLETON, MAY, GOODENOW and DAVIS, JJ., concurred.