### N. C. Marsh *v.* M. H. Breeze, et al.

**Partnership Property—Dissolution—Creditors.**

A partner after dissolution of the firm is entitled to a lien on the real estate of the partnership, which had been bought and improved by the partnership, for a debt due him from his late partner, and this lien is superior to the lien of creditors whose claims arose after dissolution against the surviving partner.

APPEAL FROM BRACKEN CIRCUIT COURT.

November 17, 1874.

Opinion by Judge Peters:

Appellee, as trustee for Henry Ogden, brought this suit, alleging that said Ogden and appellant were partners in merchandising in the village of Milford, Bracken county, and while so engaged they bought of William P. Ditty a certain town lot, described in the title bond of said Ditty, filed as a part of the petition; that he had never conveyed the same to his vendees, although all the purchase money had been paid therefor; that after their purchase Ogden and Marsh erected valuable improvements on said lot, consisting of a store-house, saloon and tobacco warehouse, the improvements costing greatly more than the lot; that the property is not susceptible of division; that Ogden had conveyed all his property for the benefit of his creditors, and appellee had been appointed trustee, and he prays for a sale of the property, etc.

Steadman and others, creditors of Ogden, and beneficiaries under

his deed of assignment, by their petition pray to be made co-plaintiffs with the trustee of Ogden, and ask to amend the original by stating that Ogden and Marsh did not purchase the lot described in the original petition, as co-partners in the course of trade under their partnership name, but that they purchased it, and now hold it as against Ogden, and that the same is not subject to the rules regulating the disposition of partnership property, and withdraw so much of their original petition as alleges that it was bought and held as partnership property.

Marsh in his answer denies that the property was not partnership property. He avers that he and Ogden entered into partnership September 1, 1866, to carry on the business of merchandising, and purchased the lot and erected the buildings thereon with partnership funds, the houses having been built for the use of the firm and for carrying on the business of the partnership; that on March 11, 1868, they dissolved the partnership by mutual consent, and it was agreed by them that Ogden should take all the assets of the firm, pay all its debts, and give up to him the amount of his account with the firm, being $660, and pay him $3,265, the amount of capital put into the firm by him, and interest at 10 per cent. per annum till paid; that Ogden had paid him $2,387 before he made his deed of assignment, and his trustee had paid him $31.25 since; and that the balance of his debt and interest is due and unpaid. He claims a lien on the lot and houses for his debt, and asks for a sale thereof, and that his debt be first paid, and denies the allegations of the amended petition of Steadman, etc. The court below adjudged he had no lien, that he stood in no better attitude in relation to this property than the subsequent creditors of Ogden for debts created since the dissolution of their partnership. And of that judgment Marsh complains.

The debts of the late firm of Marsh and Ogden appear all to have been paid, except the debt due to Marsh; and as to the justice of it there is no controversy. The houses were erected and the lot purchased for the purpose of carrying on the business of the firm, and it was used for that object alone as long as the firm existed; and when it dissolved, Marsh, by parol only, agreed that Ogden should have the partnership effects on condition that he would pay its debts, the debt to Marsh included.

Although the lot had been paid for, Ditty, the vendor, had never conveyed it to the purchaser, and Marsh for the firm paid the entire price. In *Galbraith v. Gedge and Brothers*, 16 B. Mon. 630, this

court said: "We are inclined to think, that the real property held in the joint names of the firm as partnership stock, should be regarded, at law, in the absence of any agreement or undertaking to the contrary, as held and owned by them as tenants in common, subject to the ordinary incidents of tenancies in common. But that, in equity, it should be considered as held by them in trust as partnership property, subject to the ordinary rules applicable to partnership personal property—as liable to the satisfaction of the claim of each partner upon the others, and as liable to the satisfaction of the debts of the partnership. After the satisfaction of the claims of the several partners, and of the debts of the concern, the residue of the real estate will be considered, where the partners have not impressed upon it the character of personalty, as belonging to the partners, both in equity and at law, as tenants in common, and it will be subject to division and several appropriation among them."

According to this ruling this property, which belonged to the late firm of Marsh and Ogden, was held as liable to the satisfaction of the claim of Marsh, and should be applied first to the payment of his debt, the firm owing no other debt. Nor is the ruling of this case in conflict with *Divine, et al., v. Mitchum,* 4 B. Mon. 488.

But by the terms of the judgment the whole of this real estate is sold, and the proceeds are applied to the payment of Ogden's debts, under his deed of assignment, by which he conveyed only the one-half of said real estate to his trustee for the benefit of his creditors. The language of the deed is that he, Ogden, bargains and sells, aliens and conveys, to James Whipp the following described real property, viz., the one undivided half of a lot in Milford, in Bracken county, Ky., purchased from W. P. Ditty, etc. The creditors, therefore, under the deed, if no debt had been owing to Marsh, could only demand the sale of one-half of the lot and improvements, or would be entitled to the one-half only of the proceeds. In any view of the case, therefore, the judgment is erroneous, and must be *reversed;* and the cause is remanded with directions to satisfy and pay to Marsh the amount of his debt out of the proceeds of the sale of said lot and improvements, and appropriate the residue thereof to the other creditors of Ogden.

*B. G. Willis, for appellant.*
*John N. Furber, for appellees.*