CITY OF BLOOMINGTON

v.

JOHN H. ROUSH ET AL.

</div>

OBSTRUCTION ON SIDEWALK.—JUDGMENT AGAINST CITY.—NOTICE TO PARTIES TO DEFEND.—Where a judgment was recovered against a municipal corporation for permitting " dirt, grease, molasses," etc., to accumulate on its sidewalk, on which plaintiff slipped and fell and was injured, and prior to the trial of the cause the city caused a copy of the declaration, and a notice in writing to be served upon appellees notifying them to appear and defend the suit, as they would be held liable by the city for all loss, as the injury was caused by them, and they did not appear, and the city paid the judgments and costs recovered against it and brought this suit over against appellees, and gave evidence tending to prove the identity of the subject-

matter of the two suits, and that appellees caused the nuisance complained of. *Held*, that appellees could not be permitted to show in this suit that the accumulations were not dangerous, and that although they were responsible for their being there, they were guilty of no negligence. It was their duty after notice by the city to defend, to interpose the defense then. Not having done so, the judgment as to these matters is conclusive upon them.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed June 27, 1883.

Mr. JOHN T. LILLARD, for appellant; that whoever obstructs a sidewalk, or renders its use hazardous by doing anything above or below its surface is liable for damages caused thereby, cited Stephani v. Brown, 40 Ill. 428; Cosgrove v. Smith, 18 N. Y. 80; Scammon v. Chicago, 25 Ill. 424; Dillon's Municipal Corporations, 3d ed. § 1032; Pfau v. Reynolds, 53 Ill. 212; Severin v. Eddy, 52 Ill. 189.

As to the right of a municipal corporation to recover over from the parties who caused the obstruction, and as to what the former judgment is conclusive: Veazie v. Penobscot R'y Co. 49 Me. 119; City of Portland v. Richardson, 54 Me. 46; City of Chicago v. Robbins, 2 Black. U. S 418; Freeman on Judgments, § 181; Cooley on Torts, 626; Westfield v. Mayo, 122 Mass. 100; Milford v. Holbrook, 9 Allen, 17; City of Boston v. Worthington, 10 Gray, 496; Lowell v. Boston, etc., R'y Co. 23 Pick. 24; Littleton v. Richardson, 34 N. H. 179; District of Columbia v. B. & P. R. R. Co. 4 Am. & Eng. R'y Cases, 179; Mayor, etc. v. T. L. R'y Co. 49 N. Y. 657; Shepard v. Butterfield, 41 Ill. 76; Zimmerman v. Zimmerman, 15 Ill. 84.

Mr. A. E. DE MANGE and Mr. B. D. LUCAS, for appellee; that the judgment in favor of Packard against appellant did not adjudicate whether the persons causing the obstructions were guilty of negligence, cited City of Boston v. Worthington, 10 Gray, 496; C. & N. W. R'y Co. v. N. L. Packet Co. 70 Ill. 217.

When that care is observed which ordinarily prudent persons would use, no liability exists: Steudle v. Rentchler, 64 Ill.

161; Gridley v. City, 68 Ill. 50; Nelson v. Godfrey, 12 Ill. 20; Jansen v. Atkinson, 16 Kan. 358; Clark v. Fay, 8 Ohio, St. 358.

It must appear from the record sought to be introduced itself, that the point was adjudicated and evidence of what was introduced at the former trial is not admissible: Dickinson v. Hayes, 31 Conn. 417; Ryer v. Atwater, 4 Day, 437; Many v. Harris, 2 Johns. 29; Sinzemink v. Lucas, 1 Esp. R. 43; Hyde v. Howes, 2 Bradwell, 141; Fairman v. Bacon, 8 Conn. 418; The People v. Johnson, 38 N. Y. 63; Bigelow on Estoppel, 82; Leonard v. Whitney, 109 Mass. 265.

HIGBEE, J. One Clarence Packard recovered a judgment against the city of Bloomington in an action of trespass on the case, upon a declaration charging negligence in permitting " dirt, grease, oil, molasses, syrup and other unfit and dangerous matter and filth," to accumulate on one of the sidewalks of said city, on which Packard slipped and fell while in the exercise of due care, and was in consequence injured.

Prior to the trial of said cause, the city caused a copy of said declaration and a notice in writing to be served upon appellees, and others not now sued, notifying them to appear and defend said suit, as they would be held liable by the city for all loss, as the injury was caused by them.

The city paid the judgment and costs and brings this suit against appellees to reimburse itself.

The two declarations are identical except as to the parties. There is no cause for the injury set out in the first declaration that is not found in the one before us. The parol evidence in behalf of appellant tended to show the identity of the subject-matter of the two suits, and that appellees caused the nuisance complained of, and for which Packard recovered in the first suit.

On the trial, proof was admitted against the objections of appellant, also tending to show that the place where Packard fell and was injured was not in fact slippery or dangerous, and they were in fact guilty of no negligence in permitting the accumulations, on the sidewalk, of the substances which

caused the injury. The court, also, against appellant's objections, instructed the jury as follows:

No. 1. The court instructs the jury that the defendants, Roush & Sons, had a lawful right to use said walk for the purpose of unloading oil, syrup, molasses, and other goods thereon, for transfer into their storehouse; and if the jury believe from the evidence that they, Roush & Sons, used reasonable care to prevent such substances to accumulate, and render said walk slippery and unsafe, then they should find for the defendants.

The correctness of the ruling of the trial court in receiving this evidence and giving the instruction complained of, depends upon the legal effect to be given to the former judgment. That judgment is conclusive upon the parties thereto of every material fact averred in the declaration, and which was necessary to a recovery in that case; after notice to appellees to defend, it became equally conclusive upon them of every fact, they could have contested had they appeared and defended, as they had a right to do. As against them, the judgment established the facts that Packard slipped and fell upon the sidewalk at the place alleged, by reason of the wrongfully and negligently permitting some of the substances named, or other unfit and dangerous matter and filth, to be and remain thereon, and was injured as alleged, without his fault, and that he sustained damages to the amount of the judgment.

The only remaining facts to be proved to entitle the city to recover in this suit, are the identity of the cause of action in the two suits, and that the substance causing the fall was placed or allowed to remain on the walk by the fault of defendants, *i. e.* that they caused the nuisance which occasioned the injury.

The evidence received by the court should have been excluded. It directly tended to contradict the facts settled by the former judgment. It permitted appellees to show, as a defense to this suit, that the accumulations were not dangerous; and that although they were responsible for their being on the walk, they used due care in placing them there and were guilty of no negligence.

The city was called upon to defend against their acts, and if they were guilty of no negligence, and the walk was not in fact dangerous and the cause of the injury, it was their duty, after notice by the city to defend, to interpose the defense then, and protect the city against liability.    Not having done so then, the judgment as to these matters is conclusive upon them when sued by the city.

Without reviewing the numerous cases upon this subject, we think the views here expressed are fully sustained by the following authorities: Dist. of Columbia v. B. &. P. R. R. Co. 4 Am. & Eng. R'y Cases, 179; 2 Dillon on Municipal Corporations (3 Ed.), 1032; Mayor, etc., v. T. L. R. R. Co. 49 N. Y.; Severin v. Eddy, 52 Ill. 189; Veazie v. Penobscot R'y Co. 49 Me. 110; City of Portland v. Richardson, 54 Me. 46; Robbins v. City of Chicago, 2 Black. 418; 4 Wallace, 657; Inhabitants of Milford v. Holbrook, 9 Allen, 17; City of Boston v. Worthington et al. 10 Gray, 496.

Judgment reversed and cause remanded.

