Todd v. City of Chicago.

---

## JAMES TODD
### v.
## CITY OF CHICAGO.

1. LICENSE TO MAKE EXCAVATION IN STREET—LIABILITY.—One who receives a permit from the proper municipal authorities to dig in the street, receives such license or permission under an implied agreement to perform such act in such a manner as to save the public who use the street from danger and the municipality from liability.

2. SUIT AGAINST CITY—JUDGMENT.—When a suit is brought against a city for damages caused by the act of one who obstructs or excavates in the street and such person has notice of the suit, the judgment will be conclusive against him in an action by the city to recover over the amount it has been compelled to pay, so far as relates to all matters necessarily included in the adjudication.

3. CONTRACTORS—POSSESSION OF OWNER.—When the different portions of the wor kare let to different contractors, the interval between the completion of his work and departure from the premises by one contractor and the actual entry on the premises in the performance of his particular contract by another, must be held to be the possession of the owner, and during such interval it is his duty to maintain such barriers or guards around an excavation which he has caused to be made in the sidewalk as will protect passers-by against the pitfall.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 5, 1886.

This case was an action brought by appellee against appellant, to recover the amount of a judgment obtained by one Mary Wells against the city of Chicago, in an action brought in the circuit court, wherein she recovered damages for an injury sustained July 23, 1881, by falling into an open space in front of the lot of appellant. The city paid the judgment before bringing this suit.

Todd was at the time of the accident erecting a building on his lot, and by his authority the space underneath the sidewalk had been excavated, for the purpose of using said space for the convenience of the building then being erected and for the use of its future occupants.

There was placed over said sidewalk excavation a stone flagging, with the exception of a space four feet in width next to the said building, around which there was no protection, and into which Mrs. Wells fell.

Todd had a permit from the city to build the building, but such permit does not, in terms, authorize the excavation under the sidewalk.

Notice was given to Todd of the suit of Mrs. Wells against the city, and he was requested to defend it. Todd was a nonresident and his building was being erected under the super-

Todd v. City of Chicago.

intendence of an architect and under contracts made with different contractors, for separate portions of the work, no one contractor having entire possession of the premises.

The space left open in the stone flagging into which Mary Wells fell was to be covered with iron work, and the contract for such iron work was let to Holmes and Pyott, but they had not commenced work at the time of the accident.

Mr. JOHN D. ADAIR, for appellant; as to liability of contractors, cited Scammon v. City of Chicago, 25 Ill. 424; Schwartz v. Gilmore, 45 Ill. 455; Pfau v. Williamson, 63 Ill. 16; Glickauf v. Maurer, 75 Ill. 289; Hale v. Johnson, 80 Ill. 195; Kepperly v. Ramsden, 83 Ill. 354; Arasmith v. Temple, 11 Bradwell, 39.

Mr. HEMPSTEAD WASHBURNE and Mr. CLARENCE A. KNIGHT, for appellees; cited City of Chicago v. Robbins, 2 Black. 423; Robbins v. City, 4 Wall. 657; Clark v. Fry, 8 Ohio, 359; Harmon v. Stanley, 66 Pa. 464; Creed v. Hartman, 29 N. Y. 592; Storrs v. City of Utica, 17 N. Y. 104; First Nat. Bank of Port Jervis v. Port Jervis, 96 N. Y. 550; City of Rochester v. Montgomery, 72 N. Y. 66; Fahey v. Town of Howard, 62 Ill. 28; Cooley on Torts, 626; 1 Sutherland on Damages, 157; 2 Dillon on Municipal Corporations, 1055; Palmer v. City of Lincoln, 5 Neb. 136; Pfau v. Reynolds, 53 Ill. 212.

MORAN, J.  A municipal corporation which is compelled to pay a judgment to a person injured by an obstruction or excavation in the street or sidewalk of such corporation, may recover over against the person who by negligence or by a wrongful act created the obstruction or excavation which caused the injury.  Gridley v. City of Bloomington, 68 Ill. 47; City of Rochester v. Montgomery, 72 N. Y. 67; Village of Port Jervis v. First National Bank, 96 N. Y. 550.

It is not material to consider in this case, the question made by appellant's counsel as to whether the permit given in fact, is to be construed as authority from the city to Todd, to exca-

vate the sidewalk space. One who receives a permit from the proper municipal authorities to dig in the street, receives such license or permission under an implied agreement, to perform such act in such a manner as to save the. public, who use the street, from danger, and the municipality from liability. Village of Seneca Falls v. Zalinski, 8 Hun, 571; The City of Chicago v. Robbins, 2 Black. 418.

And when a suit is brought against a city for damages caused by the act of one who obstructs or excavates in the street, and such person has notice of the suit, the judgment will be conc'usive against him, in an action by the city to recover over the amount it has been compelled to pay, so far as relates to all matters necessarily included in the adjudication; such as that the person was injured at the place alleged, without fault on his part, and that damages were sustained to the amount of the judgment, and that in this case, the excavation was wrongfully and negligently permitted to remain uncovered and unguarded. City of Bloomington v. Roush, 13 Bradwell, 339; Severin v. Eddy, 52 Ill. 189.

If the permit did not authorize defendant to excavate in the street, then what was done, was unlawful, and created a nuisance *per se*, and being done by his direction he was bound, at his peril, to see that it was guarded and covered so that the public should not be injured in passing along. Congreve v. Smith, 18 N. Y. 80 ; Clark v. Fry, 8 Ohio St. 359 ; Stephani v. Brown, 40 Ill. 428.

The main contention by appellant's counsel, is, that under the rule laid down in Scammon v. The City of Chicago, 25 Ill. 425, the appellant can not be held liable in this case, as work was being done by different contractors upon the building, and the building and premises were not in appellant's possession. In that case the contractor for the iron work had commenced but not completed his work, when the accident occurred and for the time being was in the actual possession of the property. "While the contractor is in possession of that part of the premises upon which the excavation is to be made, with the exclusive control of the work, it becomes an incident to his undertaking to so do the work as to be reason-

Todd v. City of Chicago.

ably safe for passers-by, observing due care for themselves, and that duty, it is declared, includes the erection and maintenance of suitable safe-guards about all excavations at all dangerous." Kepperly v. Ramsden, 83 Ill. 354.

In such case the owner is not liable, and the question must always arise, who was, in fact, in possession of the portion of the premises where the injury occurred, at the time of the occurrence, and this is a question of fact.

Here the evidence tends to show that Singer & Talcott, the stone flagging contractors, had completed their work and removed entirely from the premises. The iron contractors, who were to cover the hole in the sidewalk between the edge of the stone flagging and the building, had not commenced their work or in any manner gone into possession of the premises.

When the different portions of the work are let to different contractors, the interval between the completion of his work and departure from the premises by one contractor, and the actual entry on the premises in the performance of his particular contract by another, must be held to be the possession of the owner, and during such interval it is his duty to maintain such barriers or guards around an excavation which he has caused to be made in the sidewalk, as will protect passers-by against the pit-fall.

The fact that the second contractor does not enter on the work promptly, or that by the terms of his contract, he is at the time of the accident entitled to have control and possession of the particular portion of the premises to do his work, will not relieve the owner from liability. In order to charge the contractor with the duty of maintaining safe-guards about an excavation, and relieve the owner from such duty, the contractor must be in actual possession of the premises, and have the entire and exclusive control of the work in his charge. Kepperly v. Ramsden, *supra;* Pfau v. Williamson, 63 Ill. 20.

The finding of the court below is fully sustained by the evidence, and on well settled legal principles, the judgment was correct and must therefore be affirmed.

Affirmed.