JACOB MEYER *et al.*

*v.*

W. E. PURCELL, Admr.

*Opinion filed February 21, 1905.*

1. INDEMNITY—*when liability of a surety is fixed by judgment.* Where one who is responsible over to another by contract of indemnity is notified of the pendency of a suit involving the subject matter of the indemnity, his liability is fixed by the judgment rendered, and notice will be implied if he participates in defense of the suit.

2. APPEALS AND ERRORS—*what questions are conclusively settled by judgment of Appellate Court.* Whether the defendant in a suit at law upon an indemnity contract had notice of the pendency of the suit involving the subject matter of the indemnity and participated in the defense thereof, and whether the judgment rendered is excessive, are questions of fact conclusively settled by the judgment of the Appellate Court.

3. EVIDENCE—*when parol proof of contents of answer is admissible.* In an action by a sheriff on an indemnity contract, parol proof of the contents of the answer filed by the sheriff in the suit involving the subject matter of the indemnity is admissible, where the answer has been taken from the files to be used as evidence in another case and cannot be found.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. P. THOMPSON, Judge, presiding.

This action was brought in the circuit court of Cook county by the appellee, against the appellants, upon an instrument in writing whereby the appellants agreed to save and keep harmless J. H. Miller, sheriff of Richland county, North Dakota, intestate of appellee, from all costs, charges, expenses, etc., of every nature whatever, which he might sustain by reason of the seizure by him, as sheriff, of $900 worth of merchandise situate in his county, upon a writ of attachment sued out of the district court of said county by the appellants against Gillette Bros. The case was tried before the court and a jury and resulted in a verdict and judgment in favor of the appellee for the sum of $900, which judgment, upon appeal, was affirmed by the Branch Appellate Court for the First District, and a certificate of importance having been granted, a further appeal has been prosecuted to this court.

After the levy of the attachment writ sued out by the appellants, one Harvey Gillette, who held a chattel mortgage for $4000 (upon which $800 had been paid) upon the stock of merchandise of which the merchandise levied upon formed a part, recovered a judgment against said sheriff for the sum of $3689.30 for the conversion of said stock of merchandise, the whole of which had been seized by said sheriff by virtue of attachment writs sued out by creditors of Gillette Bros., including appellants.

BULKLEY, GRAY & MORE, for appellants.

ALDEN, LATHAM & YOUNG, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the declaration is not sufficient to support the judgment, as it failed to allege the title to the property levied upon was in Harvey Gillette or to allege facts which showed that the judgment in favor of Harvey Gillette was binding upon the appellants. The declaration consisted

of a special count and the common counts. The special count
set out the indemnity undertaking, the circumstances under
which it was given, that a judgment for the conversion of
the merchandise levied upon had been rendered against
Miller in favor of Harvey Gillette, which Miller had paid,
and the failure of the appellants to indemnify him, to which
the appellants filed the general issue and several special pleas.
We think the declaration sufficient, after verdict, to support
the judgment.

It is also contended that the court erred in admitting in
evidence the Harvey Gillette judgment. Where a person is
responsible over to another and he is notified of the pendency
of a suit involving the subject matter of the indemnity, his
liability will be fixed and determined by the judgment ren-
dered therein, and notice to him will be implied where he has
knowledge of the pendency of the suit and participates in the
defense thereof. (*Drennan* v. *Bunn*, 124 Ill. 175.) The trial
and Appellate Courts proceeded upon the theory that the ap-
pellants had notice of the suit begun by Harvey Gillette
against Miller, and that they participated in the defense
thereof and were bound by the judgment rendered in that
case. Whether or not the appellants had notice of the pend-
ency of the suit and participated in the defense thereof were
questions of fact. The appellants placed their claim against
Gillette Bros. in the hands of their attorneys in Chicago for
collection. These attorneys sent the claim to McCumber &
Bogart, a law firm in Wahpeton, where Gillette Bros. were
engaged in business, with instructions to commence an at-
tachment suit thereon against Gillette Bros., and McCumber
& Bogart assisted in the defense of the sheriff in the suit
brought against him by Harvey Gillette for the conversion
of the stock of merchandise upon a portion of which the at-
tachment writ sued out by appellants had been levied. Mr.
Gray, a member of the firm of attorneys in Chicago to whom
the appellants had entrusted their claim against Gillette Bros.
for collection, testified:

Q. "Did they [McCumber & Bogart] start an attachment suit up there with your knowledge and consent?

A. "Yes.

Q. "Subsequent to that time there was other litigation, was there not?

A. "Yes.

Q. "Did you receive any letters from McCumber & Bogart in regard to that fact?

A. "Oh! A great many.

Q. "McCumber & Bogart continued to represent Jacob Meyer & Bros. and were your correspondents in this matter through the entire proceeding, were they not?

A. "Not in any suit but the original attachment suit.

Q. "Didn't they write you from time to time?

A. "They wrote to us and we wrote back to them.

Q. "During all the time after the starting of the original suit up to the final wind-up of the litigation, who else did you have up there representing you besides McCumber & Bogart?

A. "Didn't have anybody; I went up there myself."

This testimony was not contradicted, and we think, with the inferences which might legitimately be drawn therefrom and from the relation of the parties, it fairly tended to show that the appellants knew of the Harvey Gillette suit and that they assisted in the defense of that suit through McCumber & Bogart and are bound by the result thereof, and that the court did not err in admitting the judgment rendered in that case in evidence.

It is further contended the court erred in admitting parol proof of the contents of the answer filed by Miller in the suit of Harvey Gillette. The answer had been removed from the files of that case to be used in evidence in another case and could not be found, and the proper foundation having been laid for the admission of parol proof, there was no error in admitting parol proof of the contents thereof.

It is also urged the court erred in refusing to permit the appellants to prove, on cross-examination of appellee's wit-

214—5

nesses, the value of the stock of merchandise levied upon by Miller and the disposition made thereof by him. The appellee had not gone into that subject and the inquiry was not a proper subject of cross-examination. If appellants deemed such facts material they should have offered proof thereof as a part of their defense.

It is insisted that the proof does not show that the value of the merchandise levied upon under the writ sued out by appellants was included in the Harvey Gillette judgment. The merchandise levied upon by that writ was a part of the stock of merchandise covered by the Gillette chattel mortgage, and Gillette recovered judgment for the entire amount of his mortgage against Miller. We think the inference to be drawn from those facts is that the value of the merchandise levied upon by appellants was included in the Gillette judgment.

It appears from the evidence the merchandise levied upon by the appellants was sold by the sheriff and the proceeds applied by him in part payment of the judgment rendered against him in favor of Gillette, and it is urged by reason of those facts the judgment rendered in this case against appellants is excessive. Whether or not the judgment was excessive is a question of fact which was determined adversely to the appellants by the judgment of the Appellate Court, and that question cannot be reviewed in this court.

It is said the jury were improperly instructed as to the law governing the case. We have examined the instructions and are of the opinion they substantially state the law correctly.

Finding no reversible error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*