City of Canton, Appellant, v. William C. Torrance, Appellee.

CONTRIBUTION—*right of municipal corporation to recover of individual amount of judgment paid for injury suffered from obstruction.* A municipal corporation which has been compelled to pay a judgment to a person injured by an obstruction, excavation or defect in a street or sidewalk may recover over against the person who is the author of such obstruction, etc., which caused the injury, the amount of such judgment and attendant costs, unless such municipal corporation was itself at fault, and in such an action if the

defendant had notice of the former action and an opportunity to defend the same, such former action and the judgment rendered therein are conclusive against the defendant upon the issues as to whether the obstruction, etc., existed, whether the person was injured as alleged without fault on his part, and whether he sustained damages to the amount of the judgment.

Trespass on the case. Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

FLOYD F. PUTMAN, for appellant.

C. B. ADAMS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

,This is an action in case by the City of Canton against William C. Torrance, for the recovery of the amount of a judgment theretofore rendered against the city in favor of one Charles Shaffer, as compensation for injuries sustained by him through falling into a defective coalhole in the sidewalk in front of the defendant's premises. A trial by jury resulted in a judgment in favor of the defendant, to reverse which this appeal is prosecuted.

The declaration alleges that the defendant owned the premises abutting upon the sidewalk containing the defective coalhole; that it was the duty of the defendant not to render unsafe or in bad condition the said sidewalk; that the defendant had theretofore wrongfully rendered said sidewalk unsafe by having caused to be constructed in the same such defective coalhole; that Shaffer was injured; that he brought suit against the city for said injuries; that the defendant was notified by the city to come in and defend said suit, and that he did so; that judgment was rendered in said suit against the plaintiff for $550 and costs, amounting to $591.20 in all, and that such judgment and costs were paid by the plaintiff. A general demurrer to the

declaration was overruled by the court, whereupon the plea of the general issue was interposed.

The evidence shows that in about the year 1889 the defendant Torrance, who was then and has ever since been the owner of the premises abutting upon the same, caused the sidewalk in which was located the coalhole in question, to be constructed, and that at such time the coalhole in question was built therein; that the city authorities had never made any objection to the condition of the sidewalk or coalhole until after the happening of the accident; that the coalhole had continued in the same condition from the time of its construction till the happening of the accident to Shaffer; that the coalhole cover was too small for the rim, whereby the same was liable to tip when stepped upon.

Appellant introduced in evidence the record and files in the case of Charles Shaffer against the City of Canton, showing the institution by him of a suit against the city for damages for an alleged injury by reason of such condition of said coalhole cover; a trial by jury at the December term of said court, and the rendition of a judgment against the city for $550 and costs, amounting to $591.20; and also proved that notice had been given to appellee to defend said suit, and that he did appear and defend the same, and that appellant had paid said judgment and costs.

It is well settled that a municipal corporation which has been compelled to pay a judgment to a person injured by an obstruction, excavation or defect in the street or sidewalk of such corporation, may recover over against the person who is the author of such defect which caused the injury, the amount of such judgment and attendant costs, unless such corporation was itself at fault (Robbins v. City, 2 Black (U. S.) 418; City v. Robbins, 4 Wall. (U. S.) 657; Gridley v. City, 68 Ill. 47; Todd v. City, 18 Ill. App. 565; Severin v. Eddy, 52 Ill. 189; McDaneld v. Logi, 143 Ill. 487; City v. Roush, 13 Ill. App. 339; McDonald v. Village, 28 Ill.

App. 157), and that in such an action, if the defendant had notice of the former action and an opportunity to defend the same, such former suit and judgment are conclusive against the defendant upon the issues as to whether the sidewalk was in fact defective, whether the person was injured as alleged, without fault on his part, and whether he sustained damages to the amount of the judgment. City v. Roush, *supra;* McDonald v. Village, *supra;* Robbins v. City, *supra;* City v. Robbins, *supra.*

Applying the foregoing rules of law to the facts stated, it is apparent that the evidence adduced by the city in the present case tends to establish the right of recovery under the second count of the declaration.

Appellee claims that no recovery can be had against him for the reason that the evidence shows that the sidewalk and coalhole were constructed in accordance with the orders of the city, under the supervision of its officials, and accepted by it, and that said sidewalk has ever since been used by it without complaint as to its condition; by reason of which the city is estopped to complain of its original construction.

We are unable to find any competent evidence in the record showing any action by the city accepting said sidewalk, or that the work was done under its supervision, or that it authorized the coalhole to be constructed. The fact that Torrance was permitted by the city to construct the coalvault and coalhole in the sidewalk gave him implied license only to construct the same in a reasonable and proper manner, but not to render the sidewalk less safe than it would have been without such coalvault and coalhole. Gridley v. City, *supra;* Smith v. McDowell, 148 Ill. 51; City v. Robbins, *supra;* Robbins v. City, *supra;* Todd v. City, *supra.* The fact that while acting under such implied license he constructed a coalhole which was in fact defective, does not estop the city from recovering in this case; that is to say, the city was not a wrongdoer in such a sense as to preclude its recovery. Robbins v. City, *supra;*

Todd v. City, *supra;* Village v. Zalinski, 8 Hun 571. The jury were fully warranted in finding that the condition of the coalhole was defective when originally constructed by Torrance, and the city's right of recovery was thus made complete. That the premises at the time Shaffer was injured were in possession of a tenant is immaterial, for the reason that the defective condition of the sidewalk existed prior to the possession of such tenant. Masonic Ass'n v. Cohn, 192 Ill. 210.

The third instruction given on behalf of the defendant was not in accordance with the law and should not have been given.

It is further insisted that there can be no recovery in this case for the reason that in the Shaffer case the plaintiff failed to allege in his declaration the filing of the notice to the city required by sections 7 and 8 of the Act entitled "Injuries," and that therefore under the authority of Erford v. City of Peoria, 229 Ill. 546, the court acquired no jurisdiction of the subject-matter. The defendant appeared and defended the former suit, and had an opportunity to there raise the question. He failed to do so, and the former judgment must be held to be conclusive as against him.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*