La Salle National Bank, as Trustee Under Trust No. 24200 Dated March 1, 1960, Plaintiff-Appellee, v. Little Bill "33" Flavors Stores, Inc., Defendant-Appellant.

Gen. No. M–51,385.

First District, Third Division.
February 23, 1967.
Rehearing denied March 23, 1967.

Robert D. Banzuly, of Chicago, for appellant.

Carey, Filter, Murray & White, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Little Bill "33" Flavors Stores, leased a store from the plaintiff, La Salle National Bank, for a term of five years. After the expiration of two years there was an arrearage in rent and the defendant was served with a landlord's five-day notice. The notice recited that if the rent then due was not paid before five days the lease would be terminated. A year later the

plaintiff filed a complaint which alleged that the defendant had defaulted on the lease, owed 13 months' rent, and prayed for judgment in the amount of $3,610.50. A copy of the lease was attached to the complaint.

The defendant moved for summary judgment on the ground that the plaintiff could not recover under the lease because it had elected to proceed according to the five-day notice, that no rent had been paid as required by the notice and that the lease, therefore, had terminated pursuant to the notice. The defendant has appealed from the order denying the motion.

An order denying a motion for summary judgment has been held to be neither final nor appealable. Home Indemnity Co. v. Reynolds & Co., 38 Ill App2d 358, 187 NE2d 274 (1962) ; Kern v. Chicago & E. I. Ry. Co., 31 Ill App2d 300, 175 NE2d 408 (1961). In the Home Indemnity case this court held that even if a motion for summary judgment is improperly denied the error is not reviewable or reversible for the result becomes merged in the subsequent trial.

The defendant contends, however, that the only issue before the trial court in the present case was one of law, that the denial of the motion was not merged into a subsequent judgment and that the appeal should be allowed.

Our statute on summary judgments provides in pertinent part: "The judgment or decree sought shall be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Ill Rev Stats, 1963, c 110, § 57(3). Although the pleadings contained in the excerpts from the record filed in this appeal disclose that no triable issue of fact existed at the time the motion for summary judgment was made and that the issue raised by the motion was exclusively one of law and one, therefore, which was a proper subject for summary judgment, the denial

299

of the motion was not a final order. The order did not terminate the litigation; the case remains in the trial court awaiting a judgment which will dispose of the rights of the parties with finality.

The jurisdiction of the Appellate Court is limited to reviewing appeals from final judgments and from certain interlocutory orders specified by the rules of the Supreme Court. Article VI, § 7, Constitution of Illinois; Supreme Court Rule 31, Ill Rev Stats 1965, c 110, § 101.31; Supreme Court Rules 307 and 308, effective January 1, 1967; Dross v. Farrell-Birmingham Co., Inc., 51 Ill App 2d 192, 200 NE2d 912 (1964). An order denying a judgment is interlocutory and is not an order from which an appeal is permitted by the rules cited.

The appeal is dismissed.

Dismissed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.