SEARS ROEBUCK & COMPANY, Individually and for the use of ZURICH INSURANCE COMPANY et al., Plaintiffs-Appellants, v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN et al., Defendants-Appellees.

(No. 53267;

First District—May 10, 1972.

DIERINGER, P. J., dissenting.

Kendal A. Crooks, of Chicago, for appellants.

Harry I. Parsons, of Chicago, (Robert Jay Nye, of counsel,) for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

William Morris was an employee at a service station in Alabama. He was requested by Billy Joe Grogan, an owner of a boat trailer, to check for a leak in the tire and inner tube on a metal wheel of said boat trailer. After the inner tube had been checked and Morris was inflating it, the rim of the metal wheel split, disintegrated and flew apart, injuring Morris in various parts of his body.

Morris sued Sears Roebuck & Company, the seller of the boat trailer in Birmingham, Alabama. The boat trailer was manufactured by Dunbar Kapple, Inc., which was insured by Zurich Insurance Company whose policy contained a vendor's endorsement. The wheels of the boat trailer were manufactured by Kamin Die Casting & Manufacturing Company, which was insured by Employers Mutual Liability Insurance Company of Wisconsin. A written tender of defense was made by Sears and Zurich to Kamin and its insurer, Employers Mutual Liability Insurance Company of Wisconsin, Employers, individually, and as insurer of Kamin, refused to take over said defense. Morris recovered judgment in the sum of $17,500 which was affirmed by the Alabama Supreme Court and satisfied by Zurich.

The instant action is a subrogation and indemnity suit brought by Sears in the Circuit Court of Cook County, Illinois, for the use of its insurer, Zurich, under said vendor's endorsement in the policy issued to Dunbar Kapple, Inc. against Kamin Die Casting & Manufacturing Company, and against Kamin's insurer, Employers. A pre-trial motion of Employers Mutual to dismiss the complaint against it was granted. Subsequently, a motion for summary judgment by the plaintiffs against Kamin was denied. After trial by the court, judgment was entered in favor of the defendant.

Three issues are presented on appeal. (1) Whether the trial court

erred in denying plaintiffs' motion for summary judgment; (2) whether defendant Kamin's insurer was properly dismissed; and (3) whether the trial court erred in finding the issues in favor of Kamin.

■■ Plaintiffs contend on appeal that the denial of their motion for summary judgment was error. It is well settled that after an evidentiary trial, a previous order denying a motion for summary judgment is not reviewable. *Home Indemnity Co. v. Reynolds & Co.*, 38 Ill.App.2d 358, 187 N.E.2d 274; *Croy Mfg. Co. v. Marks*, 62 Ill.App.2d 373, 210 N.E.2d 814; *LaSalle Nat. Bank v. Little Bill '33' Flavors*, 80 Ill.App.2d 298, 225 N.E.2d 465; *Simon v. Jones*, 96 Ill.App.2d 1, 238 N.E.2d 259.

❂ 2, 3 Plaintiffs contend further that it was reversible error to dismiss Employers as defendant. In their brief and in oral argument before us, plaintiffs failed to present any law in support of this contention. Illinois does not permit direct action against a liability insurer in a situation similar to one presented in the instant matter. Plaintiffs contend that defendant, Employers, was given the opportunity to defend and refused. There was no judgment against Kamin which might form the basis for the garnishment type proceeding against its insurer. The insurer was not amenable under law to a suit by Sears' subrogee. In *Marchlik v. Coronet Ins. Co.*, 40 Ill.2d 327, the Illinois Supreme Court affirmed the dismissal of a complaint against two insurance companies holding that such complaints are against public policy. (*Pohlman v. Universal Mutual Casualty Co.*, 12 Ill.App.2d 153; *Mutual Service Casualty Co. v. Prudence Mutual Casualty Co.*, 25 Ill.App.2d 429.) We find no fault with the trial court's ruling in dismissing defendant, Employers.

Plaintiffs in their third objection to the trial court's decision state that the parts manufacturer, Kamin, was obligated to indemnify the vendor and ostensible manufacturer of the whole product and anyone subrogated to Sears' rights. Plaintiffs maintain that in legal contemplation Kamin is a party ultimately responsible for the loss and is the one on whom in good conscience the loss ought to fall and that it is no defense to Kamin that another party might also be liable to Sears.

Zurich defended on the basis of an insurance policy which Zurich originally issued to Dunbar Kapple Company covering any liability such as might have incurred in this lawsuit, and then extended that coverage under that policy to products manufactured by Dunbar Kapple which they in turn assembled and sold to Sears. In reality this was Dunbar Kapple's policy.

There was some evidence that the wheel was not properly put together and that the projections did not fit into the depressions or the pimples did not fit into the dimples, and that is what caused the wheel to explode. Kamin manufactured the wheel according to a sample and used an alloy

which Dunbar wanted. Dunbar Kapple performed all assembly operations concerning the parts of the wheel and the parts of the trailer, except those subsequently performed by Sears.

■■ It is clear that whenever indemnity recovery is allowed, it is allowed only against the person who should bear the loss. It is not allowed simply because an indemnity defendant was a predecessor in the chain of distribution of a product involved in an injury. If the indemnity-defendant, as Kamin in the case at bar, was not the party actually responsible for the injury, the loss cannot be thrust upon it. *Suvada v. White Motor Co.*, 32 Ill.2d 612, 624.

■■ Plaintiffs presented a supplemental memorandum in which they relied on the decision in *Jelleff Inc. v. Pollak Bros. Inc.* (D.C. Ind. 1957), 171 F.Supp. 467, holding that where a retailer established a *prima facie* case of liability against a manufacturer of the product which caused injury to a purchaser and the manufacturer had notice and tender of defense of the purchaser's action against the retailer, summary judgment against the defendant was affirmed. The court stated in *Jelleff*, at page 471:

"'To establish his right to recover against the original seller under such a judgment the purchaser, in a subsequent action over against the seller, must prove that the article involved was purchased by him from such seller and that the warranties under which it was sold to him were identical to those under which he subsequently resold it. In addition, it would be incumbent upon him to establish that in the prior action it was determined that such warranties had been breached in the resale of the article; * * *.'"

Also in *Jelleff* the court required proof of an "additional fact" if the retailer is to claim indemnity from his supplier: "I feel that proof of an additional fact is essential if the plaintiffs are to prevail; namely, the plaintiffs must demonstrate that there was no change or alteration in the condition of the goods between the date of purchase and the date of subsequent resale." 171 F.Supp., at 472.

■■ The *Jelleff* decision is inapplicable to the instant case. Plaintiff, Sears, never purchased anything from Kamin who sold castings to Dunbar Kapple, Inc., which made the castings into trailer wheels and installed such wheels onto the trailers and which then sold the trailers to Sears. Dunbar Kapple, Inc. had contracted with Kamin for the latter to produce aluminum die-cast castings in accordance with a sample supplied by Dunbar Kapple and with materials specified by Dunbar Kapple. After Kamin furnished Dunbar Kapple with castings per sample and specifications, Dunbar Kapple performed assembly and other operations with those castings, turning them into wheel assemblies.

There was no obligation on the part of Kamin to enter the instant suit and Kamin was free to defend itself on the theory that something other than the castings caused the injury. Kamin cannot be accused of wrongfully refusing to defend when there is an unproved claim for indemnity.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, J., concurs.

Mr. PRESIDING JUSTICE DIERINGER dissenting:

I respectfully dissent to the holding pertaining to the defendant, Kamin Die Casting & Manufacturing Company, a corporation. I agree the defendant, Employers Mutual Liability Insurance Company of Wisconsin, a corporation, was properly dismissed.

As to Kamin, the record shows a written tender was made to Kamin by Sears Roebuck & Company and Zurich Insurance Company, its insurer, and to Employers Mutual Liability Insurance Company of Wisconsin, insurer of Kamin, to take over the defense of Sears in the Alabama case. Kamin's answer to the complaint admits written tender and its refusal to defend.

The majority opinion says the Alabama suit did not establish the immediate or the ultimate responsibility of Kamin. I think the record is clear that the liability of Kamin was established in the Alabama case. The defendant Kamin here admitted the gravamen of the Alabama suit was that the wheel manufactured by the defendant Kamin was defective and unfit for the use for which it was intended. The plaintiff in the Alabama case recovered a judgment against Sears for $17,500, affirmed by the Alabama Supreme Court (1962), 273 Ala. 218, 136 So.2d 883. In its opinion, the Alabama Supreme Court said:

"This is a so-called 'products liability' case, based on negligence, which appellee brought against Sears, Billy Joe Grogan and XYZ, to recover damages for personal injuries received by him when a metal wheel on a boat trailer 'split, disintegrated, and flew apart' while appellee was inflating the innertube in the tire on the wheel at the service station where he was employed.

The defendant XYZ was stricken as a party by appellee."

After discussing the facts and the law applicable, the court said:

"There is ample evidence from which the jury could have found that the design of the wheel rendered it defective so as to make it imminently dangerous to one reasonably expected to work with it in so

arranging the alignment of the bolt holes that the two halves could be bolted together without the 'projections' being aligned with the 'depressions.' Certainly, it should reasonably have been anticipated that the wheel would have to be taken apart and reassembled in connection with the normal and customary use of the trailer, that is, in changing or repairing the tire and tube mounted on the wheel. There is evidence supporting findings that when the 'projections' are not aligned with the 'depressions' there is left an air space between the two halves of the wheel; that the fracture of the wheel resulted from the pressure in tightening the bolts, thereby causing the 'projections' to be forced against the flat surfaces of the two halves rather than being inserted in the 'depressions'; that the halves of the wheel were fractured in the re-assembling process; and that, in such condition, the pressure of the air placed in the tire caused the explosion."

It is therefore quite apparent the Morris complaint in Alabama alleged the wheel on the trailer purchased from Sears was defective and unfit for its intended purpose, and the jury so found. Kamin is the undisputed manufacturer and supplier of that wheel. Breach of express or implied warranties has been held to support indemnity in products liability cases by the parties within the distributive chain. (*Suvada v. White Motor Co.* (1965), 32 Ill.2d 612.) A person who may be liable as an indemnitor, having been given notice and an opportunity to defend an action but refuses to do so, is bound by the result of the primary action and is estopped from questioning the liability or the amount of damages. The United States Supreme Court in *City of Chicago v. Robbins,* 67 U.S. 418, holds that express notice to the defendant to defend the prior suit was not necessary in order to render him liable to the corporation for the amount of the judgment paid to the injured party; that if he knew that the suit was pending and could have defended it, he was concluded by the judgment as to the amount of the damages. Again, the United States Supreme Court held in *Robbins v. City of Chicago,* 71 U.S. 657, that all who are directly interested in the suit and have knowledge of its pendency and who refuse or neglect to appear and avail themselves of those rights are concluded by the proceedings, thus adhering to the rule settled in *City of Chicago v. Robbins,* 67 U.S. 418.

A similar result obtained in *Washington Gas Light Co. v. District of Columbia,* 161 U.S. 316, referring to both *Chicago v. Robbins, supra,* and *Robbins v. Chicago, supra.* The Illinois Supreme Court is in agreement with these principles. (*Drennan v. Bunn* (1888), 124 Ill. 175.) In *Meyer v. Purcell* (1905), 214 Ill. 62, the court said:

"Where a person is responsible over to another and he is notified of

the pendency of a suit involving the subject matter of the indemnity, his liability will be fixed and determined by the judgment rendered therein."

There is a long list of Illinois cases, all to the effect that the indemnitor is estopped by facts litigated in the primary action if he had notice and an opportunity to defend the primary action. (*City of Canton v. Torrance* (1909), 151 Ill.App. 129; *City of Bloomington v. Roush* (1883), 13 Ill.App. 339; *Todd v. City of Chicago* (1886), 18 Ill.App. 565; *Palmer House v. Otto* (1952), 347 Ill.App. 198, to mention a few.) This is the overwhelming weight of authority in other jurisdictions. There are many good reasons for this rule, one of which is to prevent an indemnitor from sitting idly by and awaiting the outcome of the primary case. If the primary case is lost, then the indemnitor could demand a second trial on the merits and try it all over again just as in the instant case. That is obviously wrong. It not only causes multiple suits on the same issues, but it affords the indemnitor an opportunity to refuse a possible settlement because he has two chances to escape, when in fact his liability was established in the primary action. There are so many third-party indemnity actions now pending in this circuit that the majority opinion here would bring about a chaotic condition by encouraging third-party indemnitors not to participate in the primary action and not to settle, but to wait for a second chance, if necessary. This would also violate the spirit of the Civil Practice Act, wherein third parties can be joined, such as the manufacturer of the wheel. It is quite apparent to me that joining the manufacturer either as principal or third party would cause the manufacturer to seek a separate trial, even though the facts pertaining to his liability might be tried in the primary action. This sort of manipulation we must not permit. In my opinion the law is well settled that the defendant here, Kamin Die Casting & Manufacturing Company, having had due notice and an opportunity to participate in the Alabama court, and having refused to do so even though the gravamen of the action was its defective product, is bound by the result.

I also wish to note the trial judge in the instant case in rendering his opinion stated that Sears might have brought a suit against Dunbar Kapple, who assembled the trailer, but that Sears by-passed Dunbar Kapple and went after Kamin. It is the right and privilege of the seller of a product to by-pass a distributor or an assembler and look directly to the manufacturer of the defective product. The seller is not required to take one step at a time, namely back to its distributor, back to the assembler, and then back to the manufacturer, as the trial judge seemed to think. The trial judge then proceeded to talk about the liability being on the part of Dunbar Kapple, who were the assemblers of the trailer. He

then found in favor of Kamin and against Sears, which I believe is error, not only on the facts which were determined in the Alabama case, but on the law which estopped him from hearing the merits.

It follows that a summary judgment should have been entered on behalf of Sears, against Kamin, for the amount of the judgment entered in Alabama, namely $17,500. It was stipulated here in the trial court that the expenses to defend that case were $2,500; that the judgment, interest and costs paid by Sears were $22,663.90; that additional fees and costs of the appeal to the Alabama Supreme Court were $3,352.64, making a total of $28,516.54, and judgment should have been entered for Sears in that amount.