Chester **PARSON**, Plaintiff-Appellee,

v.

**ILLINOIS BELL TELEPHONE COMPANY,** an Illinois corporation, et al., **Defendants-Appellants.**

**ILLINOIS BELL TELEPHONE COMPANY,** an Illinois corporation, and William R. Cooper, Third Party Plaintiffs-Appellants,

v.

**ALLIED ASPHALT PAVING CO.,** an Illinois corporation, Third Party Defendant-Appellee.

No. 72–1361.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1973.

Decided June 25, 1973.

---

14. 49 U.S.C. § 1421(a)(1) (1970).

15. 49 U.S.C. § 1421(a)(3) (1970).

16. 49 U.S.C. § 1432 (1970).

17. 49 U.S.C. § 1348 (1970).

18. 5 U.S.C. § 551 et seq. (1970).

Robert V. R. Dalenberg, Alan N. Baker, Daniel M. Schuyler, Chicago, Ill., for appellants.

Alvin G. Hubbard, Frederick W. Temple, Robert J. Cooney, David J. Santori, Chicago, Ill., for appellee.

Before SWYGERT, Chief Judge, BARNES, Senior Circuit Judge,* and KILEY, Circuit Judge.

PER CURIAM.

This is a personal injury action by Chester Parson, an Arkansas resident and employee of Allied Asphalt Paving Co. (Allied), an Illinois corporation, against Illinois Bell and its employee William R. Cooper, alleging common law negligence. Illinois Bell and Cooper filed a two count third party complaint against Allied, in Count I claiming indemnity from Allied under a common law theory, and in Count II claiming indemnity under the Illinois Roads and Bridges Statute, Sm.-Hurd Stat.Ann. ch. 121, § 314.1 et seq. (Cum.Supp. 1973–74).

The evidence shows that on October 14, 1969, at about 9:00 a. m., Allied was resurfacing Illinois Route 19, an east-west country road near Elgin, Illinois. Parson was acting as Allied's flagman for eastbound traffic, since only one lane of traffic was in use during the road work. He was using a sign on a staff which read "Stop" for eastbound and "Slow" for westbound traffic. Parson flagged down a car being driven east by

---

* Honorable Stanley N. Barnes, Senior Circuit Judge for the Ninth Circuit, sitting by designation.

Albert Vucsko. Vucsko's car was halted about 200 feet beyond the crest of a small hill. Cooper, an employee of defendant-third party plaintiff Illinois Bell, at that time was driving an Illinois Bell repair van eastbound. He knew that intermittent construction was being done on Route 19, and often used the road. The day was clear.

No warning signs had been posted by Allied at the construction area. As Cooper passed over the crest of the hill at approximately 45 miles per hour, the posted speed limit, he saw the road repair machinery, did not see Vucsko's car at a stop until he was 50 feet from it, and did not reduce his speed until he saw it. He could not stop in time to avoid hitting Vucsko's car. Parson, standing near Vucsko's car, saw Cooper coming and jumped onto the right shoulder of the road. Cooper did not see Parson until after he applied his brakes and was leaving the road. He was unable to avoid hitting Parson.

At the close of all the evidence [1] the trial court granted Allied's motion for a directed verdict as to Count I of the third party complaint on the ground that Cooper was the "active" tortfeasor and that he and Illinois Bell were barred from indemnity. The court reserved ruling on the motion as to Count II. The jury returned a general verdict against Illinois Bell and Cooper and in favor of Parson in his suit; also returned a special verdict finding that Allied had willfully and knowingly violated the Illinois Roads and Bridges Statute in failing to give proper warnings; and that its violation of the Statute was the proximate cause of Parson's injuries. The court entered judgment in favor of Parson on the general verdict, and entered judg-

ment—notwithstanding the special verdict—in favor of Allied on Count II.

■ Illinois Bell and Cooper contend that the court erred in instructing the jury with respect to the question of Cooper's duty to reduce speed under certain circumstances contained in Sm.-Hurd Stat.Ann. ch. 95½, § 146 (1967), as amended, ch. 95½, § 11–601 (Cum. Supp. 1973–74).[2] We see no merit in the contention that the effect of the instruction placed upon Illinois Bell and Cooper the "absolute duty" to decrease speed when approaching the crest of the hill. In Kanousis v. Lasham Cartage Co., 332 Ill.App. 525, 541–542, 76 N.E.2d 239, 246 (1947), the Illinois court approved the use of a similar instruction which provided that "speed shall be decreased as may be necessary to avoid colliding. . . ." In the case before us the use of the modified phrase "speed must be decreased" in the instruction was not erroneous. The test of instructions is not how the meaning can be changed by the ingenuity of counsel's interpretation, but what the ordinary man acting as a juror will, in the context of all the instructions understand. Hulke v. International Manufacturing Co., 14 Ill.App.2d 5, 52–53, 142 N.E.2d 717 (1957).

■ Neither do we see error in the giving of an instruction with respect to a driver's duty to obey warning signals on highways or bridges. Illinois Bell and Cooper argue that the evidence did not warrant the instruction and that Parson's performance in the circumstances of the occurrence violated the Illinois Manual of Uniform Traffic Control Devices, thereby failing to provide a condition precedent contemplated for calling the statute into play. We think the evi-

---

1. The trial was upon the liability issue only. The issue of damages was tried later, and the jury awarded Parson $39,-500 damages.

2. The instruction said, in pertinent part:
   The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driv-

er from the duty to decrease speed . . . when approaching a hill crest . . . or by reason of . . . highway conditions. Speed must be deceased as may be necessary to avoid colliding with any person or vehicle . . . in compliance with . . . the duty of all persons to use due care.
. . .

dence as to Parson's position and equipment and Cooper's lookout presented questions of fact which justified instructing the jury as to Cooper's performance of his duty as a driver under the Roads and Bridges Statute.

We have not been persuaded that the district court erred in directing verdict for Allied on the ground that Illinois Bell and Cooper were "active" tortfeasors. We think the court was entitled to find as a matter of law that Cooper was an "active" tortfeasor. And the court was justified in deciding that Illinois Bell and Cooper, and not Allied, should bear the loss. See Sears Roebuck & Co. v. Employers Mutual Ins., 6 Ill. App.3d 10, 13, 284 N.E.2d 386 (1972).

Illinois Bell and Cooper contend that the district court erred in setting aside the verdict of the jury as to Count II which alleges a cause of action under the Illinois Roads and Bridges Statute, Sm.-Hurd Stat.Ann., ch. 121, § 314.1 et seq. (Cum.Supp.1973–74). Count II alleges that Allied failed in its duty to place warning signals in advance of Parson's station at the construction site.

The district court found that the special verdict—that Allied was guilty of willful violation of the Roads and Bridges Statute—was amply supported by the evidence. The court concluded, however, that nevertheless Illinois Bell and Cooper, the "active" tortfeasors, may not recover indemnity under either the statute or the Manual of Uniform Traffic Control Devices. Illinois Bell and Cooper argue that this conclusion was erroneous because the court's conclusion was based upon the active-passive tortfeasor doctrine; and because the court failed to recognize the duty of Allied to Illinois Bell and Cooper under the Roads and Bridges Statute.

We have studied the reasoning in the Judgment Order of the district court on this contention. We are persuaded by that reasoning. We adopt that Judgment Order, appended to this opinion, as the basis of our decision that the court did not err in entering judgment for Allied notwithstanding the special verdict for Illinois Bell and Cooper.

The judgment for Allied is affirmed.

## JUDGMENT ORDER

This cause comes on to be heard on the Post-Trial Motion of the Third Party Defendant Allied Asphalt Paving Co. for a new trial or, in the alternative, for a judgment in its favor against Illinois Bell Telephone Company, defendant and Third Party Plaintiff. The court at the close of all the evidence granted the Third Party Defendant's Motion for a directed verdict as to Count I of the Amended Third Party Complaint on the ground that the Third Party Plaintiff was clearly guilty of active negligence and therefore was barred from indemnification as to the theory of active-passive negligence.

The court reserved ruling on the Motion for a directed verdict as to Count II of the Amended Third Party Complaint. Therein the Third Party Plaintiff seeks recovery on the theory that the Third Party Defendant wilfully or knowingly violated the Illinois Roads and Bridges Statute or the Manual of Uniform Traffic Control Devices by failing to post warning signs at the approaches of its work, and that any negligence of the Third Party Plaintiff was irrelevant under this theory. Over objection of the Third Party Defendant, this alternative cause of action was submitted to the jury on a Special Verdict, along with the principal case of plaintiff Chester Parson against Illinois Bell Telephone Company for negligence. Parson was an employee of Allied Asphalt and therefore could not sue it.

The Illinois Roads and Bridges Act provides in part as follows:

Section 314.4 Any portion of highway or bridge which is closed to all traffic shall be marked at each place where vehicles have accessible approach to such portion of highway or bridge, and at a sufficient distance from the closed portion of such highway or bridge shall be marked with an ade-

quate number of safe, suitable, and proper warning signs, signals or barricades as set forth in the Manual of Uniform Traffic Control Devices for Streets and Highways published by the Department of Public Works and Building so as to give warning to approaching motorists that such portion of bridge or highway is closed and unsafe for travel.

Section 314.6 Any contractor, subcontractor, or his authorized agent or driver of any motor vehicle who knowingly or wilfully violates any provision of the Act, shall be responsible for any injury to person or property occasioned by such violation, and a right of action shall accrue to any person injured for any damages sustained thereby; . . [Ill.Rev.Stat. Chapter 121, Section 314.4 and Section 314.6]

The jury returned a verdict in favor of Parson against the defendant Illinois Bell Telephone Company and also returned a special verdict supporting Illinois Bell's theory on Count II of the Amended Third Party Complaint against Allied. The Special Verdict was as follows:

1. Did Allied Asphalt Paving Co. knowingly or wilfully violate any provision of the Roads and Bridges Statute or of the Manual of Uniform Traffic Control Devices as quoted to you in these instructions?

    Yes   x
    No

2. If your answer to the foregoing question is "yes", was that violation a proximate cause of the injury to Chester Parson?

    Yes   x
    No

Third Party Defendant now seeks a new trial or alternatively to set aside the special verdict and to have judgment entered in its behalf on Count II. Third Party Plaintiff resists this motion and, without specifically so moving, seeks a judgment against the Third Party De-fendant on the special verdict as indemnification for the damages awarded to Parson on his Complaint. The verdict and judgment entered in favor of Parson is not contested.

The court is of the opinion that the special verdict is amply supported by the evidence and that the instructions complained of in the Post Trial Motion were properly given or refused, as the case may be, if the cause of action in Count II was legally well founded. Therefore there is no grounds for a new trial on the Amended Third Party Complaint.

There remains, however, the question of whether Count II should have been submitted to the jury at all or whether a motion for a directed verdict should have been granted in favor of the Third Party Defendant as a matter of law. This is governed by a single question: does the Illinois Roads and Bridges Statute, or the Manual of Uniform Traffic Control Devices which is ancillary to the statute, create a cause of action by which an active tortfeasor may recover indemnification from a party who violated the statute or its rules?

The parties have cited several Illinois decisions on indemnification, particularly under the Illinois Dram Shop Act and the Structural Work Act. No decisions have been found under the Roads and Bridges Statute, however so it must be applied by the federal court in the light of whatever guidelines can be found in the statute itself and in decisions under similar Illinois statutes.

When the Roads and Bridges Statute was enacted in 1959, Illinois had a common law policy against indemnification between tortfeasors. This policy allowed an exception in the case of a "passive" tortfeasor's action against an active tortfeasor. Chicago, Burlington & Quincy Railroad Co. v. Admiral-Merchants Motor Freight, Inc., 397 F.2d 472 (7th Cir., 1968). The Illinois Courts have been refining and defining the distinction between active and passive tortfeasors for several years and have also applied it to third party indemnification actions when the original plaintiff could

not sue the third party indemnitor. Throughout this process, however, the Illinois Courts have not abandoned their basic common law policy against indemnification between tortfeasors.

An application of this principle is found under the Dram Shop Act which has no provision either permitting or forbidding indemnification. Thus an intoxicated automobile driver, after being sued for negligence, cannot obtain indemnification by means of a suit under the Dram Shop Act against the persons who caused his intoxication, since the driver himself was an active wrongdoer. McDonald v. Trampf, 49 Ill.App.2d 106, 198 N.E.2d 537 (1st Dist., 1964).

The active-passive concept has also been applied to indemnification actions under the Illinois Structural Work Act. If a passive contractor has been held liable to an injured plaintiff, for example, the contractor can recover indemnification against an active wrongdoer even if the latter is the employer of the injured plaintiff and could not have been sued directly. Sack v. Arcole Midwest Corp. etc., 33 Ill.App.2d 344, 179 N.E.2d 441 (1st Dist., 1961). Cf. Miller v. DeWitt, 37 Ill.2d 273, 226 N.E.2d 630 (1967). However, an active violator of that Act cannot recover indemnification from third parties under any theory. Linder v. Kelso Burnett Electric Co., et al., Ill. App., 273 N.E.2d 196 (1st Dist., 1971).

Third Party Plaintiff relies on cases permitting direct recovery by injured plaintiffs under the Dram Shop and Structural Work Acts, where contributory negligence of the plaintiff is no defense. Quatrano v. Marrocco, 61 Ill.App. 2d 1, 208 N.E.2d 632 (1st Dist., 1965); Vykruta v. Thomas Hoist Co., 75 Ill. App.2d 291, 221 N.E.2d 99 (1st Dist., 1969). This result is presumably reached because of a legislative policy to afford a statutory remedy to persons who are directly damaged by the activities covered by the statute, namely causing intoxication or failing to safeguard workmen. There is no Illinois precedent for authorizing a tortfeasor defendant to utilize either statute for indemnifica-

tion from a third party, however, except under the active-passive theory of Count I (which was disposed of in the case at bar by a directed verdict).

Third Party Plaintiff argues that a "wilful or knowing" violation of the Roads and Bridges Statute constitutes a higher degree of culpability than mere negligence of the vehicle operator. The statutory language herein does not seem intended to cover wilful and wanton acts as such, but merely denotes "intentional" acts constituting negligence. Cf. Schultz v. Ericsson Co., 264 Ill. 156, 106 N.E. 236 (1914). It would put too fine a point on the active-passive distinction to try to differentiate between levels of negligence. Spivack v. Hara, 69 Ill.App. 2d 22, 216 N.E.2d 173 (1st Dist., 1966). Furthermore, from the facts of this case, it is obvious that the statutory violation by the Third Party Defendant road contractor was not a different degree of negligence than was the Third Party Plaintiff's operation of its vehicle.

Third-Party Defendant seeks to generalize by saying that the vehicle operator is not in the class of persons enabled to sue under this statute. This is true in the sense that the quoted language of Section 314.6 seems to indicate merely an intention to create a cause of action for persons directly damaged by a wilful or knowing violation of the statute. There is no language to indicate that the legislature intended to create a cause of action for persons seeking indemnity for their own negligence or to carve out another exception to the basic Illinois common law policy against contribution between tortfeasors. The distinction is in the gist of the Third Party Plaintiff's action, not its form. Therefore the Third Party Defendant's Motion for a Directed Verdict on Count II should have been granted.

It Is Hereby Ordered, Adjudged And Decreed that the motion for a new trial by Allied Asphalt Paving Company, Third Party Defendant, is denied and judgment is entered on its behalf and against the Illinois Bell Telephone Company, Third Party Plaintiff, on the

Amended Third Party Complaint, notwithstanding the special verdict.  F.R. Civ.P. 58(2).

Enter:
/s/  Thomas R. McMillen
Judge, U.S. District Court
Jan. 31, 1972