BURNEX OIL Co., Plaintiff-Appellee, *v.* DALE FLOYD *et al.,* Defendants-Appellants.

(No. 54758;

First District—March 17, 1972.

McDermott, Will & Emery, of Chicago, (Hamilton Smith and James E. Betke, of counsel,) for appellants.

James B. McKeon, of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is the second appeal in this case. This time, defendants appeal from a judgment for $22,575 entered against them and from the denial of their motion for a new trial.

On October 15, 1960, an incorporator of O'Hare Garage, Inc., entered into an installment contract to purchase the property located at 9230 Belmont Avenue, Franklin Park, Illinois. The corporation was organized for the purpose of storing and servicing automobiles for those persons taking business trips by air at nearby O'Hare Field. In order to supply gasoline and oil for the cars, O'Hare Garage entered into an agreement with plaintiff, a wholesale distributor of Phillips Petroleum products, leasing the premises to plaintiff for ten years. The lease required that plaintiff install tanks, pumps, and any other equipment necessary for the management of a gasoline service station, and to pay O'Hare a rental of one cent per gallon of gasoline pumped. On the same date, plaintiff leased the property back to O'Hare for the same ten-year period. This second lease provided that O'Hare would use the premises solely for the purpose of receiving, storing, and selling petroleum products and motor vehicle accessories. Although O'Hare was required to pay plaintiff $1.00 per month as rent, it was not required to buy any petroleum products from plaintiff.

From October, 1960 to September, 1962, O'Hare Garage did buy its petroleum requirements from plaintiff. In September, 1962, when the business of O'Hare Garage became unprofitable, plaintiff and O'Hare agreed to terminate the second lease.

O'Hare Garage sold the premises to defendants, Floyd and Homeyer, in September, 1962, and thereafter, defendants operated the premises as a service station. Despite a dispute over the price they were paying, defendants purchased their gasoline from plaintiff until April, 1964, but without any contract so to do. At that time, defendants informed plaintiff that they would be buying gasoline from Mobil in the future, and that plaintiff should remove its equipment, including the tanks, pumps, etc., from the premises. Plaintiff refused to do so, claiming rights under its 1960 agreement with O'Hare Garage. When plaintiff did not remove the equipment, defendants had it removed and stored on the premises,

repeatedly requesting plaintiff to take it away. Mobil's equipment was installed in its place.

Plaintiff's amended complaint contained two counts. Count I sought damages for conversion of its equipment, and Count II asked for damages for wrongful eviction from the premises, alleging lost profits for the period from April, 1964 to October, 1970, the remaining term of its ten-year agreement with O'Hare Garage, Inc.

When the case was pending in the trial court the first time, each of the parties filed motions for summary judgment with respect to each of the two counts of plaintiff's complaint. After hearings, the court entered a number of orders to the following effect:

   (1) Denying plaintiff's motion for summary judgment as to both Counts I and II.

   (2) Denying defendants' motion for summary judgment as to Count I.

   (3) Directing that as to Count I, the trial proceed on the limited issue of whether or not defendants had negligently removed plaintiff's equipment.

   (4) Allowing defendants' motion for summary judgment as to Count II and entering judgment in their favor.

   (5) Denying plaintiff's motion to vacate the orders designated as (1) and (4) above.

Plaintiff then filed a notice of appeal from orders (1), (4), and (5). Obviously, plaintiff had no desire to appeal from order (2), but neither order (2) nor order (3) were final judgments, and were, therefore, not appealable anyway. Though included in the appeal, order (1) was also not appealable (*La Salle National Bank v. Little Bill "33" Flavors*, 80 Ill.App.2d 298, 225 N.E.2d 465); order (5) was of no significance except to extend the time allowed for appeal from the previous judgment, so the only order presented for consideration of the Appellate Court in the prior appeal was order (4) which entered summary judgment in favor of defendants as to Count II. And from this it necessarily follows that there was only one issue properly determinable by the Appellate Court on the prior appeal, namely, whether or not the pleadings and other papers on file with the trial court demonstrated that there was "no genuine issue of material fact" to be decided by the trial court with respect to Count II, and that, under the law, those unquestioned facts entitled defendants to their judgment without further proceedings. (Ill. Rev. Stat. 1967, ch. 110, par. 57(2) and (3).) The Appellate Court decided this issue in favor of plaintiff, reversed the judgment, and remanded the cause for further proceedings.[1]

---

[1] *Burnex Oil Co. v. Floyd*, 106 Ill.App.2d 16, 245 N.E.2d 539.

Upon remand, the trial court interpreted the Appellate Court decision to mean that defendants were liable to plaintiff under the first lease and that nothing remained to be done except to hear evidence as to the damages involved. Accordingly, the trial court barred all evidence except that which tended to prove damages, and then entered the judgment in favor of plaintiff from which the instant appeal has been taken. In so doing, it considered, not without some reason, that the Appellate Court opinion had, in effect, reversed order (1) above, denying plaintiff's motion for summary judgment (as it was requested to do in plaintiff's notice of appeal, and most urgently in plaintiff's brief), and, on remand, was directing the trial court to proceed as though plaintiff's motion for summary judgment should have been allowed on the question of liability.

We are in accord with the conclusion reached by the Appellate Court in reversing the summary judgment of defendants. We, too, believe that there are issues of fact, or mixed fact and law, as their opinion seems to express, which precluded a proper entry of summary judgment for defendants.

■■ The court's opinion, however, at both beginning and end, declares that it is reviewing and making decisions with respect to the actions of the trial court on both plaintiff's and defendants' motions for summary judgment, which, as we have seen, was what plaintiff had asked the court to do.[2] But, as we have also pointed out, the whole matter of plaintiff's claim for judgment was unavailable for review for lack of an appealable order. Despite the highest respect in which we hold our colleagues in that Division of this court, much of their opinion, we fear, deals with the points raised in support of plaintiff's motion for summary judgment, and was, therefore, *dictum* not binding upon the trial judge on remand, as he assumed it to be. We are not sure that we agree with the opinion of our colleagues concerning either their factual or legal conclusions in favor of plaintiff, but we are sure that the entire consideration of plaintiff's case, as it were, lay outside the scope of their review. As stated in *Kern v. Chicago & E.I.R. Co.*, 31 Ill.App.2d 300, 312, 175 N.E.2d 408, 414, "While we have concluded that the chancellor erred in sustaining defendants' motion (for summary judgment), it does not follow that he erred in denying plaintiffs' motion (for summary judgment). There is not and there cannot be an appeal from the order denying plaintiffs' motion. That is not a final order, nor is there any provision for an appeal from such an order."

The judgment is reversed and the cause is remanded with directors to

---

[2] The conclusion of plaintiff's reply brief on that appeal prayed for the Appellate Court, itself, to enter a summary judgment for plaintiff, or, in the alternative, to remand the cause with directions for the trial court to do so.

proceed to trial with both liability and damages issues open to proof.

We cannot say whether or not further proceedings in the trial court will again result in a judgment for plaintiff. If this should eventuate, we feel we should here make a few comments about damages since we were briefed on that subject in this appeal.

The evidence could show that plaintiff might or might not be entitled to recover damages for conversion of its equipment as of April, 1964. If so, its value would have to be estimated by a witness qualified to make such an appraisal.

If the question of lost profits on plaintiff's part should become a question for consideration, it should be borne in mind that there may not be proof that defendants were ever obligated to buy any of plaintiff's products. This may bring into question whether plaintiff is entitled to any damages for this item. If it should be, the question would remain as to a proper gauge for their determination, since they would not necessarily bear any relation to the amount of gasoline bought by defendants from plaintiff between October, 1962, and April, 1964.

If damages for conversion of the equipment were to be allowed, that would have to be on the basis of proof that plaintiff had been wrongfully deprived of its equipment in April, 1964. It would seem, therefore, that plaintiff could not additionally be awarded damages for the profits it would have made during the ensuing years through the use of that equipment.

We do not know what the evidence might show on a new trial to justify an award of punitive damages, but on this record, it appears that the inclusion in the judgment of $3,000 for punitive damages was without foundation.

Reversed and remanded with directions.

LORENZ, P. J., and DRUCKER, J., concur.